PEOPLE v VAUGHN

Docket No. 78-2640. Submitted June 5, 1979, at Detroit.—Decided
October 2, 1979. Leave to appeal applied for.

Marcus Vaughn was charged with felonious assault and with
violation of the felony-firearm statute. He was alleged to have
carried a handgun when he assaulted the victim, which he
denied. He was convicted of felonious assault but was acquitted
of the felony-firearm charge, Recorder's Court of Detroit, Patri-
cia J. Boyle, J. The defendant appeals, alleging that the jury's
verdicts were inconsistent. *Held:*

The definition of a handgun for purposes of the felonious
assault statute is the same as the definition for purposes of the
felony-firearm statute. The jury, in finding defendant guilty of
felonious assault, must have determined that the alleged gun
existed, but in acquitting him of the felony-firearm charge must
necessarily have found that the gun did not exist. The verdicts
are therefore inconsistent, and the conviction must be vacated.

Reversed.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — STATUTES.

Felonious assault requires proof of a simple assault committed
with a dangerous weapon (MCL 750.82; MSA 28.277).

2. ASSAULT AND BATTERY — FELONIOUS ASSAULT — FIREARM —
LOADED FIREARM.

A prosecutor is not required to prove that a gun used in a
felonious assault was loaded; where a firearm is used as a
firearm, as opposed to use as a bludgeon, the fact that the
victim believes that the firearm is loaded is sufficient to estab-
lish the use of a dangerous weapon.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Assault and Battery §§ 48, 53.

[2] 6 Am Jur 2d, Assault and Battery § 54.

79 Am Jur 2d, Weapons and Firearms § 3.

Fact that gun was unloaded as affecting criminal responsibility. 79
ALR2d 1412.

[3] 79 Am Jur 2d, Weapons and Firearms §§ 1, 2.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT — HANDGUNS —
    STATUTES.

> A handgun used by a defendant in assaulting a victim is both a
> "dangerous weapon" under the felonious assault statute and a
> "firearm" under the felony-firearm statute (MCL 750.82,
> 750.227b; MSA 28.277, 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and A. E. MOORE,* JJ.

PER CURIAM. Defendant was charged with felonious assault, MCL 750.82; MSA 28.277 (count 1), and felony-firearm, MCL 750.227b; MSA 28.424(2) (count 2). The information specifically charged that the firearm and the weapon used in the assault was a handgun. A Recorder's Court jury returned a verdict of guilty of felonious assault and not guilty of felony-firearm. Defendant moved for a judgment *n.o.v.* on the grounds that the verdicts were inconsistent. The trial judge denied the motion and defendant, after being sentenced to 2 to 4 years in prison, appeals as of right. We reverse.

The complainant testified that on February 8, 1978, she was standing on a Detroit street attempting to catch a cab. She stated that defendant walked up to her, grabbed her arm and put a gun to her stomach. She testified that she knew something about guns and that the gun in question was a revolver. The defendant was arrested shortly

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

thereafter by a plainclothes police officer as defendant was running down the street. No gun was found.

Defendant testified that he was interested in buying some joints. He claimed to have walked by the complainant and asked her what she was selling. When she told him to get away from her he replied, "Oh, bitch, I will kill your ass". He stated that he did not mean it, that he did not touch her, that he was not carrying a gun and that he merely pointed at her while wearing black gloves.

In charging the jury the trial court read the applicable statutes and accurately instructed the jury as to the specific elements of both counts. It defined "gun" as a firearm and defined "firearm" as including any weapon from which a dangerous object may be shot or propelled by the use of explosives, gas or air. The court further instructed the jury that a gun is a firearm and that a firearm does not include smooth bore rifles or handguns designed and manufactured exclusively for shooting BB's not exceeding .177 caliber by means of spring, gas or air. The jury was also informed that it did not matter whether or not the gun was loaded. Finally the jury was told that there were four possible verdicts: guilty or not guilty of count 1 and guilty or not guilty of count 2.

The jury in returning a verdict of guilty as to count 1 must have decided that a gun did exist and in returning a verdict of not guilty as to count 2 must necessarily have determined the nonexistence of the gun. Thus the verdicts are inconsistent, *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976).

The conclusion that the verdicts in this case are inconsistent can be avoided only if the definition of

handgun for purposes of the felonious assault statute differs from the definition of handgun for purposes of the felony-firearm statute, *i.e.,* if a handgun as "dangerous weapon" is different from a handgun as "firearm". We find the definitions to be one and the same and thus find the verdicts to be inconsistent, requiring reversal. *People v Goodchild, supra.*

Felonious assault requires proof of a simple assault committed with a dangerous weapon. *People v Richard Johnson,* 42 Mich App 544; 202 NW2d 340 (1972). Michigan law generally focuses upon the actions of the defendant rather than the apprehension of the victim in establishing the existence of a criminal assault. *People v Lilley,* 43 Mich 521; 5 NW 982 (1880). However, an exception exists as to felonious assaults where the charge alleges that the weapon is a gun. Where a firearm is used as a firearm, as opposed to use as a bludgeon, the fact that the victim believes that the firearm is loaded is sufficient to establish the use of a dangerous weapon. *People v Williams,* 6 Mich App 412; 149 NW2d 245 (1967). The prosecutor is not required to prove that the gun was loaded in a felonious assault charge, *People v Doud,* 223 Mich 120; 193 NW 884 (1923).

A firearm is defined in MCL 8.3t; MSA 2.212(20) as follows:

"The word 'firearm', except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177 calibre by means of spring, gas or air."

A gun being a firearm, it seems clear from the above definition that an unloaded gun is a weapon "from which a dangerous projectile may be propelled * * *".

The handgun with which defendant allegedly assaulted the complainant herein was clearly both a dangerous weapon under the felonious assault statute and a firearm under the felony-firearm statute. We need not reach the issue of whether an inoperable gun would be a firearm, for defendant did not make any such claim but rather denied the existence of any gun.

The verdicts of the jury being inconsistent, we must vacate defendant's conviction for felonious assault. Reprosecution being barred on double jeopardy grounds, see *Ashe v Swenson*, 397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970), *People v McCurtis* 84 Mich App 460; 269 NW2d 641 (1978), defendant is discharged.