PEOPLE v LEWIS

Docket No. 78-4968. Submitted October 17, 1979, at Detroit.—Decided
    January 9, 1980. Leave to appeal applied for.

    Kenneth Lewis was charged with second-degree murder and with
        possession of a firearm during the commission of or attempt to
        commit a felony. At trial, the jury was instructed on several
        lesser included offenses under the second-degree murder count.
        None of the instructions on lesser included offenses dealt with
        attempts. The jury returned a verdict of not guilty of second-
        degree murder and of all the lesser included offenses, but found
        the defendant guilty on the felony-firearm charge. Recorder's
        Court of Detroit, Robert Lorion, J., granted the defendant's
        motion to dismiss the felony-firearm conviction. The prosecu-
        tion appeals. *Held:*

        The trial court properly dismissed the felony-firearm convic-
    tion. It would be impossible to explain rationally how the
    defendant could be convicted of having carried or possessed a
    gun in the commission of or attempt to commit a felony when
    he was simultaneously acquitted of any wrongdoing with re-
    spect to the underlying felony. Moreover, there was insufficient
    evidence to sustain the felony-firearm conviction since one of
    the required elements, the commission of or attempt to commit
    a felony, was specifically rejected by the jury.

        Affirmed.

        M. J. KELLY, J., dissented. He would hold that, since the jury
    was not instructed on any attempt offense as lesser included
    offenses to the second-degree murder count, the jury could have
    based the felony-firearm conviction on a determination that the
    defendant was in possession of a firearm while attempting to
    commit a felony. The jury's finding that the defendant was not
    guilty of any of the offenses under count one does not serve as
    a rejection of the defendant's possible attempt to commit a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trial §§ 1154, 1156, 1157.
    Inconsistency of criminal verdict as between different counts of
        indictment or information. 18 ALR3d 259.
[3] 75 Am Jur 2d, Trial § 876 *et seq.*

felony. Judge KELLY would reverse the trial court's dismissal of the defendant's conviction.

1. CRIMINAL LAW — INCONSISTENT VERDICTS — RATIONAL BASIS.
Inconsistent verdicts cannot stand unless they can be explained on a rational basis.

2. CRIMINAL LAW — EVIDENCE — FELONY-FIREARM.
There was insufficient evidence to sustain a defendant's conviction for possession of a firearm in the commission of or attempt to commit a felony where the existence of a required element, the defendant's commission of or attempt to commit a felony, was specifically rejected by the jury.

DISSENT BY M. J. KELLY, J.

3. CRIMINAL LAW — FELONY-FIREARM — INCONSISTENT VERDICTS — ATTEMPTS.
*A defendant may be properly convicted of possession of a firearm in the commission of or the attempt to commit a felony, even though the jury has found the defendant not guilty of the charged felony offense and of the lesser included offenses on which the jury was instructed, where the jury could have been instructed on certain attempt offenses as lesser included offenses had the defendant so requested and the jury's finding of guilt on the felony-firearm charge could have been based on a determination that the defendant possessed a firearm during an attempt to commit a felony.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*James D. O'Connell,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and M. J. KELLY and D. S. DEWITT,* JJ.

PER CURIAM. Defendant was charged with second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). Upon agreement by the parties, the following lesser included offenses were also charged: voluntary manslaughter; involuntary manslaughter—gross negligence; involuntary manslaughter—death resulting from the intentional aiming of firearm; and careless, reckless or negligent use of firearm causing death. The jury returned a verdict of guilty for the felony-firearm charge, but not guilty of all the other charges listed under the second-degree murder count. The trial court granted defendant's motion to dismiss the felony-firearm conviction and the prosecution claimed this appeal.

The prosecution argues that the inconsistent verdict rule of Michigan has scant support in Michigan law, that it has been rendered plainly inappropriate by *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), and that Michigan should join the overwhelming majority of jurisdictions in holding that criminal verdicts need not be consistent.

The prosecution's reliance on *People v Chamblis, supra,* is misplaced. There, our Supreme Court addressed the ability of a jury to ignore evidence of a greater charge and convict a defendant of a lesser offense. *People v Chamblis, supra,* 425-427.

It is granted that various jurisdictions do differ with respect to an "inconsistent verdict rule". See Anno: *Inconsistency of criminal verdict as between different counts of indictment or information,* 18 ALR3d 259. And it is apparent that the prosecution's citation of *People v Chamblis, supra,* was primarily for its reference to *Dunn v United States,* 284 US 390; 52 S Ct 189; 76 L Ed 356 (1932), perhaps the most prominent case to reject conviction reversals due to inconsistent verdicts.

We note that there are many varying factual circumstances in which claims of inconsistent verdicts may arise, but we feel that it is sufficient to restate the rule recognized in this Court that, "In this jurisdiction, inconsistent verdicts cannot stand unless they can be explained on any rational basis". *People v Goodchild,* 68 Mich App 226, 237; 242 NW2d 465 (1976), *lv den* 397 Mich 830 (1976). In the present case it is impossible to rationally explain how the defendant could be convicted of having carried or possessed a handgun in the commission of or attempt to commit a felony when he was simultaneously acquitted of any wrongdoing in the death of the decedent. *People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979).

Moreover, there is a fatal flaw in the felony-firearm conviction in that one of the required elements, *viz.,* the commission of or attempt to commit a felony, was specifically rejected by the jury verdict on the other count. Consequently, there was insufficient evidence to sustain the conviction. *People v Johnson,* 83 Mich App 1, 18; 268 NW2d 259 (1978).

Dismissal of the conviction is affirmed.

M. J. KELLY, J. *(dissenting).* As the majority notes, by agreement of the parties, the lesser included offenses under count I did not include attempt charges on any of the listed felonies. Nor, we are told at oral argument, was an attempt defined for the jury in connection with the felony-firearm charge because it was not requested. The defendant attaches to his brief the jury instructions in connection with count II, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2):

"(1) The defendant is also charged with having com-

mitted the separate offense of committing or attempting to commit a felony while carrying or having in his possession a firearm.

"(2) A firearm is defined as any weapon from which a dangerous projectile may be propelled by using explosives, gas or air, as a means by propulsion.[1]

"(3) Before you may convict, you must be convinced of the following beyond a reasonable doubt:

"(4) First, that the defendant committed or attempted to commit (the felony) (or one of the felonies I have previously defined).

"(5) Second, that at the time of (the felony) (or one of the felonies I have previously defined) he carried or had in his possession a firearm.[2]

"USE NOTE 1: When relevant the following language should be included, 'Except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BBs not exceeding .177 calibre by means of spring'. MCLA 8.3t [MSA 2.212(20)].

"2: Where there is some question on possession an instruction on the meaning of possession should be prepared."

The principal argument of the prosecutor is that the jury wanted to exercise its power of lenity in favor of this 17-year-old defendant and therefore arrived at a compromise verdict. The majority says there was a fatal flaw in that "the commission of or attempt to commit a felony, was specifically rejected by the jury verdict on the other count". This is not, as I view the record, correct. The jury did not have before it the question of attempt in count I. Why are we compelled to expressly reject the reasonable implication that the jury predicated its finding on count II on the grounds that defendant attempted to commit a felony, one of the felonies charged in count I?

It seems to me that the rational basis rule relied on by the majority would bear reexamination by the Supreme Court as it may be obsolete. I do not

think it can be convincingly argued that the defendant would not have been entitled to instructions on attempts as to included and cognate offenses if they were requested. In the Court's reasoning in *People v Chamblis,* 395 Mich 408, 426; 236 NW2d 473 (1975), the juries' broad latitude was noted:

"Juries in criminal cases often find defendants not guilty or find persons who have committed the charged greater offense guilty of only a lesser offense in the face of the evidence for reasons satisfactory to them."

It seems to me that the question of inconsistency ought to be reexamined by the Supreme Court, perhaps in the light of Emerson's admonition about consistency. The automatic instruction (sometimes called laundry list) rules which have developed since *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *Chamblis, supra,* have increased the potential for inconsistent verdicts by increasing the scope of alternatives.

I am aware of the recent decision of a panel of this Court in *People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979), which reversed a jury verdict of guilty of felonious assault for inconsistency because the same jury had returned a not guilty verdict on the felony-firearm count. I would respectfully record my disagreement with the decision in that case. I believe it far more logical to assume that 12 jurors were unable to vote unanimously on the felony-firearm charge because one or more was philosophically opposed to the felony-firearm statute than to assume they agreed on the nonexistence of the firearm as a predicate for the not guilty verdict on that count. The verdict on the felonious assault count was clearly supported by the evidence and would have been unassailable had it been tried before the effective date of the

felony-firearm statute. Can we not take judicial notice that some jurors will on occasion refuse to follow instructions? The *Chamblis* court quoted Justice Holmes in *Dunn v United States,* 284 US 390, 394; 52 S Ct 189; 76 L Ed 356 (1932):

" 'That the verdict may have been the result of compromise, or of a mistake on the part of the jury is possible. But verdicts cannot be upset by speculation or inquiry into such matters.' " 395 Mich at 426.

The *Dunn* court affirmed the conviction and I would do likewise in this case.