PEOPLE v WILLIAMS

Docket No. 48777. Submitted June 11, 1980, at Detroit—Decided August 13, 1980. Leave to appeal applied for.

Lester D. Williams was charged with felonious assault and possession of a firearm in the commission of a felony. Defendant waived a jury trial. Recorder's Court of Detroit, Robert L. Evans, J., found him guilty of felonious assault, but not guilty of the felony-firearm charge. Defendant appeals, alleging the verdicts are inconsistent, entitling him to a reversal. *Held:*

The conviction of the charge of felonious assault cannot stand since the weapon necessary to support the conviction was the same weapon which would have led to a conviction under the felony-firearm charge. The firearm-weapon was never introduced in evidence, and, thus, the trial court found that it had a reasonable doubt as to the defendant's guilt on the felony-firearm charge. The verdicts are inconsistent.

Reversed and defendant discharged.

1. CRIMINAL LAW — INCONSISTENT VERDICTS — REVERSAL.

Michigan follows the minority view in requiring reversal on appeal where verdicts on separate charges in a criminal case are inconsistent.

2. CRIMINAL LAW — INCONSISTENT VERDICTS — FELONY-FIREARM — FELONIOUS ASSAULT.

A conviction of a charge of felonious assault cannot stand where the weapon necessary to support such a conviction is the same weapon which would lead to a conviction of the same defendant under a felony-firearm charge arising out of the same incident, and such weapon is not introduced in evidence, resulting in an inconsistent verdict of not guilty on the felony-firearm charge.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trial § 1156.

Inconsistency of criminal verdict as between different counts of indictment or information. 18 ALR3d 259.

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant on appeal.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant was charged with felonious assault, MCL 750.87; MSA 28.282, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). At a bench trial, he was found guilty of felonious assault but not guilty of the felony-firearm charge.

The verdicts are inconsistent. The only weapon which could support a conviction of felonious assault was the same weapon which would lead to a finding of guilt under the felony-firearm charge. The trial court found, since the firearm was never introduced in evidence, that it had a reasonable doubt as to the defendant's guilt of the felony-firearm charge. There is ample Court of Appeals authority that the conviction of felonious assault, therefore, cannot stand, *inter alia, People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979), *People v Lewis,* 94 Mich App 752; 290 NW2d 73 (1980).

However, we add a caveat. The prosecutor accurately notes that, although the Michigan view of inconsistent verdicts is well established in numerous decisions of the Michigan Court of Appeals, that view is the minority American view; *Anno: Inconsistency of criminal verdict as between different counts of indictment or information,* 18 ALR3d

---

* Circuit judge, sitting on the Court of Appeals by assignment.

259. He, therefore, suggests that this court abandon the present rule as to inconsistent verdicts, a suggestion which we decline in view of the many appellate decisions of this state supporting the present view. However, at least in a jury trial, if not in a bench trial, we recognize that the Supreme Court may see fit to change the rule. In *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), the Supreme Court cited the opinion of Justice Holmes in *Dunn v United States,* 284 US 390; 52 S Ct 189; 76 L Ed 356 (1932), *Dunn* is perhaps the leading authority for the majority view that inconsistent verdicts in criminal cases do not require reversal. The philosophy behind the lesser-included offense analysis found in *Chamblis* is also consistent with that view. The opinion of Judge KELLY, dissenting in *Lewis, supra,* also suggests that counsel may wish to preserve the point for review in appropriate cases.

Conviction reversed and defendant discharged.