PEOPLE v SMITH

Docket No. 196607. Submitted February 3, 1998, at Detroit. Decided July
31, 1998, at 9:25 A.M.

Charlie Smith was charged in the Recorder's Court for the City of
Detroit with two counts of assault with intent to commit murder
and one count of possession of a firearm during the commission of
a felony. Following a bench trial, the court, Amy P. Hathaway, J.,
found the defendant guilty of two counts of felonious assault, but
not guilty of the felony-firearm charge. The defendant appealed,
alleging that the verdicts were inconsistent.

The Court of Appeals *held*:

1. The trial court expressly found that the defendant possessed a
gun during the assault but, nevertheless, dismissed the felony-fire-
arm count. The dismissal was not based on a reasonable doubt
whether a gun had been used, but on some misapplication of the
law. Here, where there is no factual inconsistency, the defendant's
assault convictions for offenses of which he was clearly found
guilty beyond a reasonable doubt should not be set aside.

2. There was sufficient evidence to convict the defendant of felo-
nious assault. Even if the clip had fallen out of the gun, an
unloaded gun is a dangerous weapon for purposes of the felonious
assault statute, and the prosecutor need not present proof of oper-
ability as an element of a prima facie case. In addition, one com-
plainant testified that the clip fell out after the gun had been
pointed at her.

Affirmed.

1. CRIMINAL LAW — FELONIOUS ASSAULT — FELONY-FIREARM.

A defendant's bench trial conviction of felonious assault that is based
on the court's express finding that the defendant possessed a gun
during an assault need not be set aside because of the court's dis-
missal of a charge of possession of a firearm during the commis-
sion of a felony where the dismissal was not based on a reasonable
doubt whether a gun had been used in the assault, but on a misap-
plication of the law and there is no factual inconsistency (MCL
750.82, 750.227b; MSA 28.277, 28.424[2]).

2. CRIMINAL LAW — FELONIOUS ASSAULT — DANGEROUS WEAPON.
   An unloaded gun generally is a dangerous weapon for purposes of the felonious assault statute; the operability of the gun is not an element of a prima facie case of felonious assault (MCL 750.82; MSA 28.277).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Raymond P. Maguire,* Assistant Prosecuting Attorney, for the people.

*Goodman, Eklund-Easley & Davis* (by *Molly Eklund-Easley*), for the defendant.

Before: CAVANAGH, P.J., and WHITE and YOUNG, JR., JJ.

PER CURIAM. Defendant was charged with two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Following a bench trial, defendant was convicted of two counts of felonious assault, MCL 750.82; MSA 28.277, but was acquitted of the felony-firearm charge. He was sentenced to three years' probation. He appeals as of right, and we affirm.

Defendant argues that his felonious assault convictions must be set aside because the trial court rendered inconsistent verdicts in finding him guilty of felonious assault and not guilty of the felony-firearm charge. We disagree.

MCL 750.227b; MSA 28.424(2) provides in pertinent part:

A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a

or 230, is guilty of a felony, and shall be imprisoned for 2 years.

In *People v Williams*, 99 Mich App 463; 297 NW2d 702 (1980), relied on by defendant, the defendant was found guilty of felonious assault, but not guilty of a felony-firearm charge, following a bench trial. The trial court found, because the firearm was never introduced in evidence, that it had a reasonable doubt regarding the defendant's guilt of the felony-firearm charge. *Id.* at 464. The defendant appealed, arguing that the verdicts were inconsistent. This Court agreed, observing that the only weapon that could have supported a conviction of felonious assault was the same weapon that would have led to a finding of guilt of the felony-firearm charge, and that the trial court had a reasonable doubt regarding that charge. *Id.*

The instant case is distinguishable. Here, the trial court expressly found as fact that defendant possessed a gun during the assaults, albeit a gun without a clip. The trial court nonetheless dismissed the felony-firearm charge, stating:

> The Court is satisfied with respect to the testimony on both parts that the felony firearm count shall be dismissed. We have no gun, no gun was recovered as it relates to the felonious charge of assault with intent to commit murder.

It is unclear whether the trial court dismissed the felony-firearm count because it was under the impression that a gun had to have been introduced into evidence, or the court evaluated the charge only in the context of the charged underlying offense of assault with intent to commit murder, or the court simply was affording defendant a measure of leniency to

relieve him of a mandatory sentence. In any event, it is clear that the court had no doubt that a weapon was used in the assault, and the dismissal of the felony-firearm count was not based on a reasonable doubt whether a gun had been used, but on some misapplication of the law. Under these circumstances, where there is no factual inconsistency, we will not set aside defendant's conviction of an offense of which he was clearly found guilty beyond a reasonable doubt.

Defendant also argues that there was insufficient evidence to convict him of felonious assault because the clip had fallen out of the gun. We disagree. As a general rule, an unloaded gun is a dangerous weapon for purposes of the felonious assault statute, and the prosecutor need not present proof of operability as an element of a prima facie case in a felonious assault prosecution.[1] *People v Prather*, 121 Mich App 324, 329; 328 NW2d 556 (1982). Further, one of the complainants testified that the clip fell out of the gun after it had been pointed at her.

Affirmed.

---

[1] MCL 750.82; MSA 28.277 defines felonious assault:

> [A] person who assaults another person with a gun, revolver . . . or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment . . . .