# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 27, 2015

Plaintiff-Appellee,

v

No. 322311
Wayne Circuit Court
LC No. 13-009777-FC

KYLE JERROD HAGGER,

Defendant-Appellant.

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of armed robbery, MCL 750.529, and carjacking, MCL 750.529a. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 120 to 180 months' imprisonment for the armed robbery and carjacking convictions. We affirm.

Defendant first argues that the trial court's verdict was inconsistent because the trial court found defendant guilty of armed robbery, but not guilty of felony-firearm in relation to the same incident. Because defendant failed to object to the trial court's verdict, this Court will review the unpreserved constitutional issue for plain error affecting defendant's substantial rights. *People v Akins*, 259 Mich App 545, 567; 675 NW2d 863 (2003).

The elements of armed robbery are (1) an assault, and (2) a felonious taking of property from the victim's person or presence, while (3) the defendant is armed with a weapon described in the statute." *People v Henry (After Remand)*, 305 Mich App 127, 142-143; 854 NW2d 114 (2014) (citation and quotation marks omitted); see also MCL 750.529. While juries may render inconsistent or illogical verdicts, "a trial judge sitting as the trier of fact may not enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003), quoting *People v Walker*, 461 Mich 908; 603 NW2d 784 (1999). If there is a factual inconsistency between the trial court's factual findings and its verdict, reversal is required. *People v Smith*, 231 Mich App 50, 53; 585 NW2d 755 (1998). Inconsistent verdicts occur when a trial court's factual findings are inconsistent with the verdict and the two cannot be "rationally reconciled." *Ellis*, 468 Mich at 27.

The victim testified that he saw defendant with a weapon as defendant approached his vehicle. The victim believed the weapon to have been a "small, dark automatic pistol." Defendant threatened the victim with the weapon and forced the victim out of the vehicle.

-1-

Defendant struck the victim in the face with the weapon, causing the victim serious injury, as he robbed him of his possessions before driving away in the vehicle. The trial court opined that it was not convinced beyond a reasonable doubt that the weapon was a *firearm*,[1] but was convinced beyond a reasonable doubt that defendant had possessed "something that was fashioned in a way to make somebody reasonably fear for their safety that it was a gun." Under MCL 750.529, that is all that is required for a conviction of armed robbery. There is no requirement that the trial court must find the weapon to have been the same kind of weapon that the victim believed it to be, nor is there any requirement that the weapon be a firearm. The victim's testimony was sufficient to support the trial court's finding that each element of armed robbery had been established beyond a reasonable doubt, and the trial court's finding that the exact nature of the weapon was not sufficiently proven does not render its verdicts inconsistent.

Defendant next argues that the trial court improperly assessed offense variable (OV) 1 at 10 points during sentencing. We disagree.

Generally, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence."[2] *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute is a question of statutory interpretation, which this Court reviews de novo. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

---

[1] We note, however, that the trial court remarked that there was "insufficient evidence to show that that was a gun capable of shooting a projectile." While it is abundantly clear from context that the trial court was predominantly unconvinced that the object in question was, in fact, a gun at all, in *People v Peals*, 476 Mich 636, 640-654; 720 NW2d 196 (2006), our Supreme Court explained that a firearm does not need to be operable for purposes of felony-firearm.

[2] The Michigan Supreme Court recently held that, although Michigan's sentencing guidelines are unconstitutional to the extent that they require a trial court to raise the minimum sentence based on facts not admitted by the defendant or proven beyond a reasonable doubt, "a sentencing court must determine the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, ___ Mich ___, ___; ___ NW2d ___ (2015); slip op at 2. In scoring the guidelines, the *Lockridge* Court did not suggest that the traditional standards of review or burdens of proof were insufficient. See generally *id*. Under *Lockridge*, it was the mandatory nature of the guidelines that rendered fact-finding by a preponderance, rather than by a reasonable doubt, unconstitutional. *Id.* at ___; slip op at 1-3. Because the sentencing guidelines are now only advisory in nature, the preponderance of the evidence standard remains appropriate for the assessment of offense variables at sentencing. Indeed, the *Lockridge* Court suggested as much when it clarified that "[o]ur holding today does nothing to undercut the requirement that the highest number of points possible must be assessed for all OVs, *whether using judge-found facts or not*." *Id.* at ___; slip op at 29 n 28 (emphasis added). In sum, because the guidelines are no longer mandatory, facts found at sentencing that were not admitted by the defendant or proven beyond a reasonable doubt may support the assessment of OVs and raise the "advisory" minimum sentence without rendering the trial court's ultimate sentence unconstitutional.

OV 1 assesses points for the "aggravated use of a weapon." MCL 777.31(1). In relevant part, the statute provides:

(1) Offense variable 1 is aggravated use of a weapon. Score offense variable 1 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) A firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon . . . 25 points

* * *

(c) A firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon . . . 15 points

(d) The victim was touched by any other type of weapon . . . 10 points

(e) A weapon was displayed or implied . . . 5 points

(f) No aggravated use of a weapon occurred . . . 0 points

Defendant argues on appeal that OV 1 should have been assessed at zero points because the only evidence of a weapon was that defendant possessed a *firearm*, and there was no evidence presented at trial that defendant could have possessed "any other type of weapon." We disagree. As discussed above, the trial court was not required to accept defendant's testimony that the weapon was a firearm, but the uncontroverted evidence, which included medical records, showed that the victim had been struck by some object other than a mere fist. The use of "'any instrument or device used for attack or defense in a fight or in combat' and 'anything used against an opponent, adversary or victim'" is enough to support an assessment of 10 points for "any other type of weapon." *People v Lange*, 251 Mich App 247, 257; 650 NW2d 691 (2002), quoting *Random House Webster's College Dictionary* (1997).

Defendant also argues that the trial court erred when it assessed OV 2 at one point. Again, we disagree.

OV 2 assesses points for the "lethal potential for the weapon possessed or used." MCL 777.32(1). In relevant part, the statute provides:

(1) Offense variable 2 is lethal potential of the weapon possessed or used. Score offense variable 2 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(d) The offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon . . . 5 points

(e) The offender possessed or used any other potentially lethal weapon . . . 1 point

(f) The offender possessed or used no weapon . . . 0 points

Defendant makes essentially the same argument, that because the victim described the weapon as a firearm, but defendant was not convicted of felony-firearm, there must have been no weapon at all. Again, this argument is not sustainable.

The fact the weapon's character has not been proven beyond a reasonable doubt does not mean that its *existence* has not been proven beyond a reasonable doubt, and the exact character of the weapon is not a necessary fact for purposes of assessing OV 2. Even the most benign item can constitute a weapon under OV 2 if it is employed as a weapon. See *People v McCuller*, 479 Mich 672, 696-697; 739 NW2d 563 (2007) (finding that a baseball bat is a weapon); *Lange*, 251 Mich App at 252-258 (finding that a glass mug is a weapon). In other words, what makes a weapon a weapon is the use to which it is put and the practical potential for it to inflict harm upon that use. See *Lange*, 251 Mich App at 256. The uncontested evidence regarding the type and extent of injury inflicted upon the victim demonstrated that defendant used a weapon, and that his method of employment rendered the weapon "potentially lethal." The trial court did not err when it assessed OV 2 at one point.

Finally, defendant argues that the trial court erred when it assessed OV 3 at 25 points. We agree, but we find the error harmless.

Because defendant failed to object to the scoring of OV 3 at sentencing, in a motion for resentencing, or in a timely filed motion for remand, we review the defendant's challenge for plain error affecting defendant's substantial rights. MCL 769.34(10);[3] *People v Lockridge*, ___ Mich ___, ___; ___ NW2d ___ (2015), slip op at 3. OV 3 considers the extent of injury to a victim. MCL 777.33. In relevant part:

(1) Offense variable 3 is physical injury to a victim. Score offense variable 3 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(c) Life threatening or permanent incapacitating injury occurred to a victim . . . 25 points

(d) Bodily injury requiring medical treatment occurred to a victim . . . 10 points

---

[3] The *Lockridge* Court held MCL 769.34(2) and 769.34(3) unconstitutional. MCL 769.34(10) still applies. *Lockridge*, ___ Mich at ___; slip op at 1-2.

(e)   Bodily injury not requiring medical treatment occurred to a victim . . . 5 points

(f)  No physical injury occurred to a victim . . . 0 points

While defendant's presentence report recommended an assessment of OV 3 at 10 points, the trial judge raised the assessment sua sponte to 25 points at sentencing because he believed that the injury to the victim had been life threatening.  Defendant concedes that OV 3 should, at least, be assessed at 10 points because the evidence presented at trial established that the victim's facial injuries required medical treatment.   However, defendant argues that OV 3 could *only* be assessed at 10 points because there was no evidence presented that might lead the trial court to believe that the injuries had been "life threatening" or "permanently incapacitating."

The victim testified that his lip was split and three of his teeth were broken.  Although correction of these injuries required several stitches and a temporary mouth brace, the victim walked out of the hospital only hours after the incident.  There was no evidence that he suffered a life-threatening or permanent incapacitating injury.  Indeed, the prosecutor did not argue for a raised assessment of OV 3 at sentencing, and the presentence report recommended an assessment of 10 points, not 25 points.  Because the record does not show that the victim's injury was life-threatening or permanently incapacitating, the trial court should have assessed OV 3 at 10 points. See MCL 777.33(1)(d).  The trial court's improper assessment of OV 3 is an error that does not warrant relief.

Because defendant was sentenced prior to July 29, 2015, he is entitled to resentencing if the facts admitted by defendant or found by the trier of fact were insufficient to assess the minimum number of OV points necessary to support defendant's sentence under the guidelines and his sentence is not subject to an upward departure. *People v Lockridge*, ___ Mich ___, ___; ___ NW2d ___ (2015); slip op at 32-34.  At sentencing, defendant received a total of 36 OV points, the sum of OVs 1 through 3, and had 40 points assessed for prior record variables, placing him in the D-II cell of the sentencing grid for Class A offenses.  MCL 777.62.  Even after a reduction of OV 3 to 10 points, defendant's total of 21 OV points places him in the same cell of the Class A sentencing grid.  Even with the 15 point reduction, defendant's guidelines range remains the same.  MCL 777.62.  Thus, he is not entitled to resentencing.  *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).[4]

As discussed, the trial judge's verdict necessarily established the factual basis to assess 10 points for OV 1 and one point for OV 2.  Thus, the facts underlying these two OVs have been established beyond a reasonable doubt, and there can be no plain error.  Additionally, defendant did not object at sentencing to the PSIR assessment of OV 3 at 10 points, despite raising numerous other objections.  Finally, defendant admitted on appeal that McClure's injury was sufficient to score OV 3 at 10 points.  Specifically, defendant stated in his brief on appeal, "[t]he injury to Mr. McClure's mouth was serious and required medical attention."  When facts forming

---

[4] As discussed in footnote 2, although the guidelines are now only advisory, our review of their scoring is unchanged.

the basis for an OV score are admitted by the defendant, there is no plain error. Ultimately, then, the *Lockridge* decision does not require remand in this case for resentencing.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause