# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TONYA MALLETT-RATHELL, also known as
TONYA YVONNE MALLET-RATHELL, also
known as TONYA RATHELL, and also known as
TONYA AUBERT,

      Defendant-Appellant.

UNPUBLISHED
April 27, 2017

No. 330327
Wayne Circuit Court
LC No. 15-005035-01-FH

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions of assault and battery, MCL 750.81(1), and fourth-degree child abuse, MCL 750.136b(7). She was sentenced to two years' probation for both convictions. We affirm.

There was evidence that, during an unusual game called "lockout" in which persons attempted to chase and force opposing "team" members out of the family home, defendant physically pushed and dragged her 14-year-old daughter, JC, then grabbed and held her by the collar, causing JC to feel as if she were choking, and subsequently held a butcher's knife against JC's throat at the kitchen counter. There was also testimony that defendant had been drinking heavily and that she was angry at JC for supposedly choosing her father over defendant. The prosecution charged four counts in the information: count 1 charged assault with a dangerous weapon (felonious assault), MCL 750.82; count 2 charged fourth-degree child abuse; count 3 charged assault and battery; and count 4 also charged assault and battery. The factual theory behind each count did not become entirely clear until the trial. In addressing defendant's motion for a directed verdict, the prosecutor indicated that the felonious assault count concerned, of course, defendant's employment of the butcher's knife, that the "first assault" regarded the pushing and dragging of JC, that the "second assault" concerned the "grabbing of the collar" or choking incident, and that the child abuse count regarded "either the choking and/or the holding [of] the knife up to [JC's] throat."

In deciding defendant's motion for directed verdict, the trial court first noted that it was "concerned about those multiple counts of assault and battery." The court subsequently ruled

-1-

that "Count 4 will be dismissed." Given the prosecutor's description of the counts, the trial court necessarily dismissed the assault and battery count connected to the choking incident. The court denied the motion for directed verdict on the remaining counts. The trial court did state that "there's just nothing . . . to suggest that this was more than one occurrence of assaultive behavior on behalf of the . . . defendant." At the conclusion of the trial, the court acquitted defendant of felonious assault, concluding that she lacked the intent to actually injure JC or to place her in reasonable apprehension of an immediate battery. With respect to fourth-degree child abuse, the trial court found defendant guilty, given that "an unreasonable risk of harm . . . occur[s] . . . when you put a knife up to your child's neck, even if you're doing it playing." Finally, absent any elaboration, the trial court found defendant guilty of assault and battery. In light of the fact that count 3 was still unresolved at that point, and considering that count 3 was predicated on, according to the prosecutor, an assault and battery arising out of defendant's act of pushing and dragging JC through the house, we must necessarily conclude that the trial court found that defendant committed the offense of assault and battery when she pushed and dragged JC. The trial court's earlier comment when addressing the motion for directed verdict that there was just "one occurrence of assaultive behavior" does not and cannot change this conclusion.

On appeal, defendant argues that because the trial court found that there was insufficient evidence to convict defendant of felonious assault, due to a lack of intent to injure JC or place her in reasonable apprehension of an immediate battery, there was likewise insufficient evidence to convict her of assault and battery and fourth-degree child abuse. Therefore, defendant argues that the trial court's verdicts were inconsistent, and thus the child abuse and assault and battery convictions must be reversed.

A claim of error premised on inconsistent verdicts is a constitutional issue subject to de novo review. *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012). Our Supreme Court has held that "a trial judge sitting as the trier of fact may *not* enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (citation and quotation marks omitted). A verdict is inconsistent when it "cannot be rationally reconciled" with the court's factual findings. *Id.* at 27. If there is no inconsistency in the trial court's factual findings and its verdicts, reversal is not required. *People v Smith*, 231 Mich App 50, 53; 585 NW2d 755 (1998).

Defendant was acquitted of felonious assault, the elements of which are "(1) an assault, (2) with a dangerous weapon, and (3) the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). The third or "intent" element of the offense was not sufficiently established here according to the trial court. An assault and battery, entailing an actual battery as opposed to a mere assault absent a battery, does require proof of an intent to either commit a battery or to make the victim reasonably fear an immediate battery. M Crim JI 17.2. The problematic aspect of defendant's argument is that the trial court found a specific failure to show the requisite intent *relative to defendant placing the knife to JC's throat*. The trial court did not expressly speak to the issue of criminal intent in regard to the assault and battery arising out of the pushing and dragging of JC, but given the conviction, we must assume that the court found that there was sufficient evidence of intent on that particular offense. Defendant's appellate argument simply does not reach the assault and battery conviction and the facts underlying that conviction; there was no inconsistency in finding a lack of intent as to felonious assault while implicitly finding that intent was proven with respect to the assault and battery charge. We note that our analysis

and ruling would necessarily be the same if the choking incident was the basis for the assault and battery charge that went to verdict following trial. Reversal is unwarranted.[1]

With respect to the conviction for fourth-degree child abuse, MCL 750.136b provides, in relevant part, as follows:

> (7) A person is guilty of child abuse in the fourth degree if any of the following apply:
>
> (a) The person's omission or reckless act causes physical harm to a child.
>
> (b) The person knowingly or intentionally commits an act that under the circumstances poses an unreasonable risk of harm or injury to a child, regardless of whether physical harm results.

Concluding, under a set of circumstances, that a person knowingly or intentionally created an unreasonable risk of harm or injury to a child is not inconsistent with a finding that, under the same circumstances, the person lacked the intent to injure or to place the child in reasonable apprehension of an immediate battery. While defendant may not have had the intent to injure JC or to place her in reasonable apprehension of an immediate battery when defendant put the butcher's knife to JC's throat, the evidence could still support, absent contradiction, a finding that defendant knowingly or intentionally committed an act that posed an unreasonable risk of harm or injury to JC. And the evidence certainly supported a ruling that defendant's act of placing the butcher's knife to JC's throat constituted the knowing and intentional commission of an act that posed an unreasonable risk of harm or injury to JC. Reversal is unwarranted.

Affirmed.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly

---

[1] We do note that this case has been somewhat difficult to analyze, considering the trial court's lack of elaboration and clarity in ruling on the motion for directed verdict and in rendering the final verdicts.