# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 16, 2018

Plaintiff-Appellee,

v

No. 336839
Wayne Circuit Court
LC No. 16-006724-01-FC

MARTEZ DION MASON,

Defendant-Appellant.

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Martez Mason, appeals as of right his bench trial convictions of assault with intent to commit murder (AWIM), MCL 750.83, intentional discharge of a weapon from a motor vehicle, MCL 750.234a(1)(b), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] Mason was sentenced to 20 to 40 years' imprisonment for AWIM, 10 to 15 years' imprisonment for intentional discharge of a weapon from a motor vehicle, and two years' imprisonment for felony-firearm. We affirm Mason's convictions and sentences, but remand for the trial court to establish a factual basis for the court costs imposed.

## I. BASIC FACTS

This case arises from a shooting of a two-year-old child, ZT, at a family party hosted by James Banks, on July 4, 2016. ZT was in a car seat in the passenger-side backseat of a Buick driven by Denise Banks. Larry Banks was also in the backseat, possibly with two other children, RB and DB. Denise testified that, while she sat in the driver's seat of the parked Buick, a blue van passed. She explained that Mason pointed a gun at the Buick and that she heard gunshots. Larry testified that he saw shots fired from the van, and he tried to shield ZT "but it was too late." ZT received three gunshot wounds and was transported by ambulance to the hospital.

---

[1] Mason was acquitted of four additional counts of AWIM and one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Mason argues that the evidence was insufficient to convict him of AWIM regarding ZT based on the theory of transferred intent. We review de novo challenges to the sufficiency of the evidence. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). The evidence is reviewed "in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

### B. ANALYSIS

"The elements of assault with intent to commit murder are '(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder.' " *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010) (citation omitted). Circumstantial evidence and the reasonable inferences arising therefrom are sufficient to support a conviction of AWIM, as long as the prosecution meets its burden of proof beyond a reasonable doubt. *Id*. at 196. Minimal circumstantial evidence is sufficient to establish intent, and a defendant's intent may be inferred from the nature, extent, and location of the victim's wounds. *Id*. at 196-197. The intent to kill may be proved by an inference from any fact in evidence. *People v Lawton*, 196 Mich App 341, 350; 492 NW2d 810 (1992). Moreover, the prosecution need not show that a defendant's intent to kill was directed toward a specific victim. *People v Abraham*, 256 Mich App 265, 270; 662 NW2d 836 (2003). Instead, under the doctrine of transferred intent, "[w]here one intends to assault a certain person, but by mistake or accident assaults a different person, the crime so committed, if any, is the same as though the person originally intended to be assaulted had been assaulted." *People v Hurse*, 152 Mich App 811, 813; 394 NW2d 119 (1986) (quotation marks and citation omitted). The requisite intent for AWIM may be transferred to an unintended victim even if the victim does not suffer an injury during the assault. *Lawton*, 196 Mich App at 345, 350-351 (determining that there was sufficient evidence to support the defendant's convictions of AWIM against two victims despite the fact that neither was the intended victim and only one of them was shot by the defendant).

Here, there was sufficient evidence to establish that ZT was assaulted. She suffered three gunshot wounds. Further, there was sufficient evidence to establish that Mason had an actual intent to kill James. Mason's girlfriend, Shaneice Shortie, testified that Mason was mad when James told everyone to leave the party, and Shortie saw Mason holding a gun shortly before the shots were fired. Intent to kill may be inferred from the use of a deadly weapon. *People v Henderson*, 306 Mich App 1, 11; 854 NW2d 234 (2014). In addition, Shaneice testified that she observed Mason shooting a gun from a van just before ZT was shot. Although ZT was not Mason's target, under the doctrine of transferred intent, Mason's intent to kill James transferred to ZT. *Lawton*, 196 Mich App at 350. Had Mason been successful, his actions would have constituted murder. *Ericksen*, 288 Mich App at 195-196. Thus, the evidence was sufficient for a reasonable trier of fact to find Mason guilty of AWIM pertaining to ZT because the elements of AWIM were established pursuant to a theory of transferred intent.

## III. INCONSISTENT VERDICT

### A. STANDARD OF REVIEW

Mason argues in his supplemental brief on appeal that his conviction for AWIM should be set aside because the trial court rendered an inconsistent verdict when it found him guilty of AWIM with respect to the AWIM charge pertaining to ZT, but not guilty of the AWIM charges relating to the other individuals in the Buick. Because Mason did not raise this argument before the trial court, it is unpreserved for appeal and our review is for plain error affecting Mason's substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

### B. ANALYSIS

A judge who sits without a jury in a criminal case must make specific findings of fact and state conclusions of law. MCR 6.403. The verdict reached in a bench trial must be consistent with the trial court's findings of fact. *People v Smith*, 231 Mich App 50, 52-53; 585 NW22d 755 (1998). A "trial judge sitting as the trier of fact may *not* enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (quotation marks and citation omitted). A verdict is inconsistent when the factual findings are inconsistent, "and cannot be rationally reconciled." *Id*. at 27.

In this case, the trial court found Mason not guilty of four counts of AWIM because it believed that, in order for the doctrine of transferred intent to apply, the defendant had to commit a battery against each victim. The court reasoned that, because ZT was the only individual in the Buick who was battered, the doctrine of transferred intent applied only to the AWIM charge that related to her. As explained above, however, a defendant's intent to murder can be transferred to a victim despite the fact that the victim did not suffer an injury. See *Lawton*, 196 Mich App at 345, 350-351. Thus, it is clear that the doctrine could have been used to support convictions of AWIM as to the other individuals in the Buick. Yet, this does not constitute a *factual inconsistency* in the verdicts. Instead, the court's reasoning makes clear that its decision to dismiss four of the AWIM charges was based on a misapplication of the law. "[W]here there is no factual inconsistency, we will not set aside [a] defendant's conviction of an offense of which he was clearly found guilty beyond a reasonable doubt." *Smith*, 231 Mich App at 53.

## IV. SENTENCING

### A. STANDARD OF REVIEW

Mason next asserts that the trial court erred by scoring offense variable (OV) 3 at 25 points and OV 6 at 50 points. Pursuant to the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

### B. ANALYSIS

OV 3 addresses physical injury to a victim. MCL 777.33(1). The court must assess 25 points when "[l]ife threatening or permanent incapacity injury occurred to a victim." MCL 777.33(1)(b). Here, the record reflects that ZT was shot by Mason. She was transported by

ambulance to the hospital where she underwent emergency trauma surgery. The child's medical records—which were reviewed by the trial court at sentencing—indicated that ZT was "unstable in [the] resuscitation bay" and that she was intubated because of respiratory failure. In total, she had five surgeries, including one to reconnect her intestines. Thus, although there is no indication that ZT sustained permanently incapacitating injuries, a preponderance of the evidence supported the court's finding that her injuries were life-threatening.

Next, OV 6 addresses a defendant's intent to kill or injure another individual. MCL 777.36. Under OV 6, the trial court must assess 50 points if "[t]he offender had premeditated intent to kill . . . ." MCL 777.36(1)(a). At sentencing, the trial court noted that Mason was convicted of AWIM, an element of AWIM is intent to kill, and Mason's intent to kill was premeditated. Premeditation requires "sufficient time to permit the defendant to take a second look," and may be inferred from the surrounding circumstances. *People v Coy*, 243 Mich App 283, 315; 620 NW2d 888 (2000). The prosecution was not required to prove premeditation because it is not an element of AWIM. However, in determining that Mason's intent to kill was premeditated, the trial court noted that Mason had time to speak to Shortie, retrieve a gun, and get into another vehicle before firing any shots. Further, Mason's intent to kill James transferred to ZT. Thus, the trial court's assessment of 50 points for OV 6 was supported by a preponderance of the evidence.

## V. COURT COSTS

### A. STANDARD OF REVIEW

Finally, Mason contends that the trial court erred by imposing "excessive" court costs that are unrelated to the case. He also asserts that the trial court erred by imposing court costs without articulating on the record any reasons for the costs. A defendant must object to the trial court's imposition of court costs in the lower court to preserve this issue for appeal. *People v Konopka (On Remand)*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Because Mason failed to object at sentencing when the trial court ordered him to pay court costs this challenge is reviewed for plain error. *Carines*, 460 Mich at 763-764.

### B. ANALYSIS

The trial court possesses the authority to order a defendant to pay reasonable court costs. *Konopka*, 309 Mich App at 358. Such costs need not be separately calculated, but the trial court must "establish a factual basis" for the costs imposed. MCL 769.1k(1)(b)(*iii*); *Konopka*, 309 Mich App at 359. The trial court ordered Mason to pay $1,200 in court costs, but it did not articulate a factual basis for the assessment of this fee. "[W]ithout a factual basis for the costs imposed, we cannot determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court, as required by MCL 769.1k(1)(b)(*iii*)." *Konopka*, 309 Mich App at 359-360. Consequently, we must remand this matter "to the trial court to establish whether the court costs imposed were 'reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case,' MCL 769.1k(1)(b)(*iii*), as amended by 2014 PA 352, or to adjust that amount as may be appropriate." *Id*. at 350-351.

Affirmed, but remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly