*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* KARON CHILDRESS, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

KARON CHILDRESS,

        Respondent-Appellant.

UNPUBLISHED
May 11, 2026
11:01 AM

No. 372519
Wayne Circuit Court
Family Division
LC No. 2022-000677-DL

---

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

In this juvenile delinquency matter, respondent appeals as of right his bench-trial adjudications of three counts of assault with intent to commit murder (AWIM), MCL 750.83, and three counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). For those offenses, the trial court placed respondent on out-of-home probation. On appeal, respondent challenges the sufficiency of the evidence supporting those adjudications. We affirm.

## I. BACKGROUND

This case arises out of an attempted carjacking on December 17, 2023, in Detroit. At trial, Monica Owens testified that at approximately 2:00 a.m., she was unloading items from her vehicle, which was parked in a residential driveway, when five or six individuals approached her. The individuals were dressed in black except for one person, who wore a gray or white sweatsuit. The individuals dressed in black entered her vehicle, while the individual in gray or white approached her, pointed a gun at her, and demanded her keys, stating, "Bitch, give me your keys." Although Owens had the keys in her hand, she refused to surrender them. After approximately 60 seconds, one individual remarked, "This bitch is stupid," and the group fled. Owens then called 911. She later testified that she did not get a clear view of the gunman's face but was nonetheless "very

-1-

convinced" that respondent was that person, stating, "[T]he more I look at him now I get to see him. That's what I saw pointing at me."

Several minutes after the individuals fled, Detroit Police Department Officers Griffin McNeice, Curtis Stevenson, and Marcus Douthard responded. After obtaining a description and direction of travel, they located a group matching Owens's description approximately one block away and attempted to stop them. As Officer McNeice exited the patrol vehicle, gunfire erupted from the group. The officer estimated that 8 to 10 rounds were fired, striking the cruiser twice. Although the officers could not identify the shooter at the time, later review of dashcam footage showed that the shooter wore gray, while the others wore black.

After the shooting, the subjects fled in multiple directions. Officers McNeice and Douthard quickly located and detained three individuals dressed in black. Michigan State Police (MSP) troopers, assisted by a canine, tracked the remaining suspects to a nearby detached garage. Inside, MSP Troopers Joseph Milbocker, Elliot Prudhomme, and Sydney Holmes located three individuals: two dressed in black and one wearing gray sweatpants without a shirt. At trial, the troopers identified respondent as the individual in gray. Trooper Holmes testified that she found a handgun with an extended magazine beneath respondent, and she recovered a gray hooded sweatshirt that matched respondent's sweatpants from the garage. Dashcam footage from the shooting and footage from Trooper Holmes's body-worn camera were admitted without objection.

Respondent did not present any witnesses. In closing, he challenged the reliability of Owens's identification, noted inconsistencies in testimony, and emphasized the absence of ballistic or fingerprint evidence linking him to the firearm or the bullets that struck the cruiser. The trial court agreed that Owens "wasn't really able to identify who the person was that had the gun" and therefore found respondent not responsible for one count of carjacking, MCL 750.529a, and an attendant count of felony-firearm. But the trial court found respondent responsible for three counts of AWIM—one for each of the officers in the cruiser—and three attendant counts of felony-firearm. For those adjudications, the trial court placed respondent on out-of-home probation. Respondent now appeals.

## II. DISCUSSION

Respondent contends that the evidence was insufficient to support his adjudications for AWIM and felony-firearm. We disagree.

We review de novo challenges to the sufficiency of the evidence, viewing the evidence in the light most favorable to the petitioner to determine whether a rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). That standard requires the reviewing court to make all reasonable inferences and credibility determinations in favor of the fact-finder's verdict. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). The petitioner is not required to disprove every reasonable theory of a defendant's innocence; it "need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Kenny*, 332 Mich App at 403. We resolve any conflicts in the evidence in favor of the petitioner. *Id*.

"Due process requires the [petitioner] to prove every element beyond a reasonable doubt." *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021) (cleaned up). To establish AWIM, the petitioner must prove that the defendant committed: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (citation omitted). Additionally, identity is an essential element of every criminal offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). On appeal, respondent asserts that there was insufficient evidence establishing his identity as the shooter, and he asserts that the petitioner failed to present evidence establishing that he intended to kill Officers McNeice, Douthard, and Stevenson.

Turning first to identity, that element may be established either through witness identification or reasonable inferences arising from circumstantial evidence. *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011); *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Davis*, 241 Mich App at 700.

Here, sufficient evidence supported the trial court's finding that respondent was the shooter. Dashcam footage showed that the shooter wore gray, while the remaining individuals wore black. Immediately after the shooting, Officers McNeice and Douthard detained three of the subjects, all of whom were dressed in black. In a nearby garage, Troopers Milbocker, Prudhomme, and Holmes located three subjects: two dressed in black and one in gray sweatpants. The troopers identified respondent as the person wearing gray, and Trooper Holmes testified that when she detained respondent, she saw a handgun with an extended magazine directly beneath him. From these facts, a rational factfinder could reasonably infer that respondent was the individual who fired at the officers.

Concerning the intent element, AWIM is a specific-intent crime, meaning the factfinder must find that the defendant acted with an intent to kill. *Brown*, 267 Mich App at 148-149. "Because it can be difficult to prove a defendant's state of mind on issues such as intent, minimal circumstantial evidence suffices to establish a defendant's state of mind." *Kenny*, 332 Mich App at 403. A defendant's intent to kill "can be gleaned or inferred from his or her actions." *Id*. Additionally, a factfinder "may infer an intent to kill from the manner of use of a dangerous weapon." *People v Dumas*, 454 Mich 390, 403; 563 NW2d 31 (1997).

The evidence established that respondent turned toward the officers and fired 8 to 10 rounds at their vehicle, striking it twice. He then fled and attempted to conceal both his clothing and the firearm. Those actions support a reasonable inference that he acted with intent to kill. See *People v Everett*, 318 Mich App 511, 531 n 10; 899 NW2d 94 (2017) (recognizing that intent to kill may be inferred from a defendant's "use of a deadly weapon, taking aim at a victim, injury to the victim, evidence of flight and attempts to hide evidence").

Although respondent argues that the evidence is insufficient to establish his intent to kill each officer, it is at a minimum sufficient to establish he intended to shoot at least one of them. Under the doctrine of transferred intent, "it is only necessary that the state of mind exist, not that it be directed at a particular person." *People v Lawton*, 196 Mich App 341, 351; 492 NW2d 810 (1992) (cleaned up). Stated differently, "[w]here one intends to assault a certain person, but by mistake or accident assaults a different person, the crime so committed, if any, is the same as

-3-

though the person originally intended to be assaulted had been assaulted." *People v Hurse*, 152 Mich App 811, 813; 394 NW2d 119 (1986) (citation omitted). Respondent's intent to kill one of the officers in the vehicle can therefore transfer to the other officers, and his argument to the contrary is unavailing.

In sum, petitioner presented sufficient evidence to establish the elements of AWIM and respondent's identity as the shooter. Respondent is therefore not entitled to relief on his AWIM adjudications.

To establish felony-firearm, the petitioner must prove "that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Arvant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Respondent does not challenge any specific element of felony-firearm; instead, he argues only that those adjudications fail if the AWIM adjudications fail. Because the evidence sufficiently supports the AWIM adjudications, this argument lacks merit.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman