**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 26, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                                                   No. 121729

TYRONE ELLIS,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION

Defendant seeks leave to appeal from the Court of Appeals judgment affirming his bench trial convictions of carjacking, MCL 750.529a, and felonious assault, MCL 750.82, as well as the scoring of variables under the sentencing guidelines as a second-offense habitual offender, MCL 769.10. We affirm.

However, we take this opportunity to note that the practice that appears to have been utilized by the trial court in this case, commonly referred to as a "waiver break," is unethical and a ground for referral to the Judicial Tenure Commission in the future.

We have previously noted the impropriety of this practice. In a statement denying leave to appeal on November

2, 1999, this Court wrote:

> In this case, the trial court dismissed the felony-firearm charge while convicting the defendant of malicious destruction of property, which destruction was the product of a firearm discharge. Thus, the verdict rendered was patently inconsistent. Moreover, the trial court gave no explanation for its dismissal of the felony-firearm charge. The Supreme Court previously held that a trial judge sitting as the trier of fact may *not* enter an inconsistent verdict. While juries are not held to rules of logic, or required to explain their decisions, a judge sitting without a jury is not afforded the same lenience. *People v Vaughn*, 409 Mich 463 (1980). Moreover, because of double jeopardy principles, the error of the trial court in dismissing a claim and rendering an inconsistent verdict cannot be corrected on appeal. [*People v Walker*, 461 Mich 908 (1999).]

The present case suggests that, despite our statement in *Walker*, the "waiver break" practice continues to be employed by at least some criminal trial courts in Michigan.

Defendant was charged with six counts arising from a single occurrence: carjacking, assault with intent to murder, armed robbery, intentionally firing a gun from a vehicle, possession of a firearm during the commission of a felony, and being a felon in possession of a firearm. The trial court found defendant guilty of carjacking and felonious assault as a lesser included offense of the charged assault with intent to murder. Defendant was acquitted of the remaining charges. Regarding the felonious assault conviction, the trial court stated:

> The Court notes that as a lesser [included offense] of assault with intent to murder, it has been proven beyond a reasonable doubt that defendant Ellis had this gun, and he fired this gun either to injure or to make the complainants fearful of an injury; that is, a battery. And that he had the ability to do this. And that he did this with a gun.

2

This clear statement of the factual findings is plainly inconsistent with acquittals on the charges of felony-firearm and felon in possession of a firearm and cannot be rationally reconciled.

Accordingly, we are left with the impression that the trial court afforded defendant a "waiver break" for waiving his right to a jury. That is, in exchange for waiving his right to a jury trial, defendant was rewarded with acquittals of the firearm charges, although those acquittals are clearly inconsistent with the factual findings of the trial court.

As we noted in our unanimous statement in *Walker*, this judicial practice is an improper one. A decision to drop or plea bargain charges is one that lies with one or both of the parties, not the court. Regardless of any benefit that may be realized by the trial court because of a party's strategic decision, such as the expedited docket management resulting from a defendant waiving his right to a jury, it is not within the power of the judicial branch to dismiss charges or acquit a defendant on charges that are supported by the case presented by the prosecutor. See Const 1963, art 3, § 2 (establishing the separation of powers).

Further, a trial court's decision of not guilty, whether proper or not, is constitutionally protected by double jeopardy principles. US Const, Am V; Const 1963, art 1, § 15. As a result, a trial judge that rewards a defendant for waiving a jury trial by "finding" him not guilty of a charge for which an acquittal is inconsistent with the court's factual findings cannot be corrected on appeal.

Despite the inability of the appellate process to correct the effects of an improper "waiver break" in the form of inconsistent verdicts, we reiterate that this judicial practice violates the law and a trial judge's ethical obligations.[1]

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

---

[1] See, e.g., Michigan Code of Judicial Conduct, Canon 1 ("A judge should always be aware that the judicial system is for the benefit of the litigant and the public, not the judiciary."), Canon 2B ("A judge should respect and observe the law. At all times, the conduct and manner of a judge should promote public confidence in the integrity and impartiality of the judiciary."), and Canon 3A(1) ("A judge should be faithful to the law and maintain professional competence in it.").

4