# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARCUS ANTHONY WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
May 21, 2015

No. 320217
Wayne Circuit Court
LC No. 13-006809-FH

Before: WILDER, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Marcus Anthony Williams, appeals by right his bench convictions of felonious assault, MCL 750.82, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and aggravated domestic violence, MCL 750.81a. The trial court sentenced him to serve three years on probation for his felonious assault conviction, to serve two years in prison for his felony-firearm conviction, and to time served for his aggravated domestic violence conviction. Because we conclude there was no error warranting relief, we affirm.

Williams argues the trial court rendered inconsistent verdicts. This Court reviews de novo claims of error premised on inconsistent verdicts. *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012).

While juries may render inconsistent or illogical verdicts, "a trial judge sitting as the trier of fact may *not* enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003), quoting *People v Walker*, 461 Mich 908; 603 NW2d 784 (1999). Inconsistent verdicts occur when a trial court's factual findings are inconsistent with the verdict and the two cannot be "rationally reconciled." *Ellis*, 468 Mich at 27.

Williams maintains the trial court rendered inconsistent verdicts when it found him guilty of felonious assault with a gun, but acquitted him of felonious assault with the two by four. In order to establish a felonious assault, the prosecutor had to prove that Williams assaulted someone with a dangerous weapon and did so with the intent to injure or place him or her in reasonable apprehension of an immediate battery. *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013).

-1-

At trial, Trishalla Bell testified that Williams held a two by four in his right hand during the incident, but did not swing it. He also held a gun and pointed it at her and said, "I'm going to kill you . . . ." The trial court found that Williams "didn't do anything with [the two by four] other than have it in his hand and hold it." The trial court was not persuaded beyond a reasonable doubt that Williams had the intent to injure or place Bell in reasonable fear or apprehension of an immediate battery with the two by four. Thus, it was proper to acquit Williams of felonious assault with the two by four. Conversely, the trial court found Williams pointed the gun at Bell and did so with the intent to place Bell in reasonable fear or apprehension of an immediate battery, which is consistent with the trial court's verdict on that charge.

The two felonious assault charges are factually distinct because one involved a gun and one involved a two by four. Because the charges were premised on different weapons, the trial court could reasonably find that Williams had the requisite intent with regard to the gun, but did not have the requisite intent with regard to the two by four—that is, the verdicts can be "rationally reconciled." *Ellis*, 468 Mich at 27. Accordingly, the trial court's verdicts are not inconsistent.

There was no error warranting relief.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Donald S. Owens
/s/ Michael J. Kelly

-2-