# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

KYLE JONATHON WHYDE,

       Defendant-Appellant.

UNPUBLISHED
December 28, 2017

No. 334120
Wayne Circuit Court
LC No. 16-001319-01-FC

Before: MURRAY, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with intent to commit murder ("AWIM"), MCL 750.83, and domestic violence, MCL 750.81. Defendant was sentenced to 6 to 10 years' imprisonment for the AWIM conviction, and time served for his domestic violence conviction. We affirm.

For his sole issue on appeal, defendant argues that the trial court rendered an inconsistent verdict when it found him guilty of AWIM, but acquitted him of assault by strangulation, because assault by strangulation is a lesser included offense of AWIM. This issue is raised for the first time on appeal. In order to properly preserve most issues for appeal, a party must object in the trial court. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). Defendant did not object to the trial court's verdict below and, thus, this issue is not properly preserved for appeal. This issue is, therefore, reviewed for plain error which requires defendant to show that a plain error occurred which affected his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Although "a trial judge sitting as the trier of fact may *not* enter an inconsistent verdict," *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (quotation marks and citation omitted), that is not what occurred here. The judicial practice of rendering inconsistent verdicts is often referred to as a "waiver break," where a defendant is given an acquittal on a lesser charge in exchange for waiving the right to a jury trial, despite the fact that the acquittal is inconsistent with the trial court's factual findings. *Id.* at 27. Nothing in the record suggests that defendant was acquitted of assault by strangulation as a reward for waiving his right to a jury trial. Instead, he was given an acquittal because the trial court treated assault by strangulation as a lesser included offense to AWIM:

-1-

I think – as all of the case law indicates, that that section; with the assault with intent to do great bodily harm less than murder, is a necessary lesser included offense. I think that – the way I read it is that assault by strangulation is just a method of committing great bodily harm and so I am finding him guilty of the assault with intent to murder and domestic violence. Not guilty of the assault by strangulation because I'm treating that as a necessary lesser included offense of the assault with intent to murder.

The trial court's verdict was premised on an incorrect determination of whether assault by strangulation is a lesser included offense to AWIM, not on any inconsistency in its factual findings and conclusions. There are two reasons why we come to this conclusion. First, although traditionally assault with intent to do great bodily harm less than murder ("AWIGBH"), MCL 750.84, has been considered a lesser included offense to the crime of AWIM, *People v Brown*, 267 Mich App 141, 150; 703 NW2d 230 (2005), assault by strangulation is more specific than AWIGBH. One may be guilty of AWIM without also being specifically guilty of assault by strangulation. Put another way, AWIM does not specifically require strangulation, and strangulation is not the only way to murder another person. Assault by strangulation requires:

> that the defendant committed a battery . . . [and] that the battery was committed by strangulation or suffocation. Strangulation or suffocation means intentionally impeding normal circulation of the blood or breathing by applying pressure on the throat or neck or by blocking the nose or mouth. [M Crim JI 17.35; see MCL 750.84(1)(b).]

The specific element that describes suffocation or strangulation as the method of committing the harm is not present in the AWIM statute. Because each crime contains an element that the other does not, "they are not the 'same offense' and, therefore, defendant may be punished for both." *People v Ream*, 481 Mich 223, 242; 750 NW2d 536 (2008).

Second, MCL 750.84(3) allows for punishment for multiple crimes arising out of the same conduct. In *People v Martin*, 271 Mich App 280, 293; 721 NW2d 815 (2006) (quotation marks and citation omitted), we noted that "a clear legislative intent is required to overcome what is in effect the rebuttable presumption against multiple punishment contained in the Double Jeopardy Clause." This Court further stated that "the controlling inquiry for instructions on lesser included offenses is whether the Legislature intended a particular offense to be treated as a lesser included offense of the offense charged." *Id.* at 294. MCL 750.84(3) explicitly states that the assault by strangulation statute permits defendant's conviction for any crime arising out of the same conduct, indicating that the Legislature intended that AWIGBH and assault by strangulation are meant to be perceived as distinct from AWIM, and are not lesser included offenses at all. In sum, assault by strangulation does not constitute a lesser included offense of AWIM.

The trial court's misconception about that issue does not, in the end, garner any relief for defendant. This holds true because, as noted earlier in this opinion, although the trial court did not find defendant guilty of both crimes because it believed that assault by strangulation was a lesser included offense, the court's factual findings would have been sufficient to convict

defendant of both AWIM and assault by strangulation. Although the facts supported conviction of both crimes, defendant was only convicted of AWIM. However, despite its error, the "trial court's decision of not guilty, whether proper or not, is constitutionally protected by double jeopardy principles." *Ellis*, 468 Mich at 28. As a result, a finding of not guilty, where "an acquittal is inconsistent with the court's factual findings" may not be corrected by this Court on appeal. *Id.*

  Affirmed.


           /s/ Christopher M. Murray
           /s/ Kirsten Frank Kelly
           /s/ Karen M. Fort Hood