*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TONY MELVIN FERREE,

      Defendant-Appellant.

UNPUBLISHED
April 9, 2019

No. 340912
Wayne Circuit Court
LC No. 17-003515-01-FC

Before: TUKEL, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), and second-degree criminal sexual conduct (CSC-II), MCL 750.520c(2)(b). Defendant was sentenced to 25 to 50 years' imprisonment for each CSC-I conviction, and 10 to 15 years' imprisonment for the CSC-II conviction. We affirm.

## I. BASIC FACTS

This case arises out of defendant's sexual assault of the victim when she was between ages two and eight. The victim, who was 11 years old at the time of trial, testified to a number of instances that occurred in her home while her mother was at work. She indicated that the abuse occurred multiple times a week until defendant moved out of state. The trial court judge found the victim's testimony credible and corroborated by other evidence, including evidence that the victim was frequently treated for genital discomfort as a child. However, while the trial court found the victim's testimony credible, it nevertheless concluded that some of the charged offenses had not been proven beyond a reasonable doubt.

## II. ANALYSIS

On appeal, defendant argues that the trial court rendered inconsistent verdicts. We disagree.

-1-

"This Court reviews de novo questions regarding inconsistent verdicts, which are constitutional issues." *People v Russell*, 297 Mich App 707, 722; 825 NW2d 623 (2012).

"[A] trial judge sitting as the trier of fact may *not* enter an inconsistent verdict. While juries are not held to rules of logic, or required to explain their decisions, a judge sitting without a jury is not afforded the same lenience." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (quotation marks and citation omitted). A verdict is inconsistent when the trial court's factual findings are inconsistent, "and cannot be rationally reconciled" with the verdict. *Id.* at 27.

Defendant argues that the trial court found the victim to be "very credible" concerning her testimony regarding counts 1, 2, and 3, but did not believe that there was sufficient testimony to find him guilty of counts 4 and 5.[1] Regarding count 1 (CSC-I), the trial court stated that defendant "did put his penis into [the victim]'s mouth by the defendant's penis. And then he did ejaculate." Regarding count 2 (CSC-I), the trial court stated that it did "believe that there was, that [the] People have proven beyond a reasonable doubt that [defendant] touched [the victim]'s genital opening with his mouth or tongue." Regarding count 3 (CSC-II), the trial judge found that "defendant did intentionally permit [the victim] to touch his genital or the clothing area. She said that he had her put her hands onto his penis. And I think that was for sexual purposes. And could reasonably be construed as having been done for sexual purposes." However, regarding counts 4 and 5 (CSC-II), the trial judge said, "I don't know that there – you know, I know that we had the, you had the testimony with regard to the penis into the mouth and also the opening with regard to counts 1 and 2 and count 3. But I don't think there's a [sic] sufficient testimony to find him guilty of counts 4 and 5." The trial judge continued, "I don't feel that the People have proven beyond a reasonable doubt count 4 and count 5, criminal sexual conduct in the second degree with regard to other acts."

Defendant contends on appeal that the testimony came from the same source – the victim – and "there was no rational distinction between her descriptions of all of those acts occurring when two years old and later, such that the Trial Court's conclusion about insufficient proofs can be 'rationally reconciled.' " "In other words, there was credible proof, or there was not credible proof."

However, the trial court did not find the victim's testimony incredible as it relates to counts 4 and 5, but rather, the court concluded that the prosecution did not prove those counts beyond a reasonable doubt. While the trial court found the victim's testimony to be credible, it did not find that the testimony supported those two CSC-II charges. The verdicts are not considered inconsistent merely because the trial court acquitted defendant of two charges that the court determined were not supported beyond a reasonable doubt by the evidence.

In *Ellis*, 468 Mich at 27, our Supreme Court concluded that the trial court's factual findings were inconsistent with the acquittals, and could not be rationally reconciled with the verdicts. However, in the present case, the trial court only made factual findings for counts 1, 2,

---

[1] Counts 1 and 2 relate to CSC-I, and counts 3, 4, and 5 relate to CSC-II.

and 3. The trial court made no specific factual findings for counts 4 and 5, and only concluded that there was insufficient evidence to prove those counts beyond a reasonable doubt. Because there are no specific factual findings for counts 4 and 5, the verdicts cannot be deemed inconsistent merely because the trial court concluded that the prosecution did not meet its burden of proof as to those two counts. *Id.*

Additionally, defendant claims that "[i]t is not rationally credible that [the victim] would have such memories from when she was two years old." Defendant's argument is essentially an attack on the victim's credibility. However, the trial court found the victim to be "very credible" and "very believable." This Court defers to the trial court's credibility determinations. MCR 2.613(C); See *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008) ("This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses."). The trial court's language is clear that it believed the victim. Its verdict was not inconsistent.

Affirmed.

/s/ Jonathan Tukel
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly