*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEYONTE DENEIZE PASSMORE,

        Defendant-Appellant.

UNPUBLISHED
October 3, 2019

No. 344231
Wayne Circuit Court
LC No. 17-008497-01-FC

Before: RIORDAN, P.J., and K.F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b, and one count of unarmed robbery, MCL 750.530. He was acquitted of one count of assault with intent to do great bodily harm (AWIGBH) less than murder or by strangulation, MCL 750.84. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent prison terms of 35 years to 55 years for the CSC I convictions, and 15 years to 30 years for the unarmed robbery conviction. We affirm.

Defendant followed and approached the victim who was walking to work, grabbed her by the neck, and forced her into an alley where he raped her before fleeing with her phones. DNA samples taken from the victim's body matched defendant in an FBI database, and swabs taken from defendant after he was arrested also were a match. While the victim identified another man as her attacker, the DNA evidence contradicted this identification.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence identifying him as the attacker was insufficient to support his conviction beyond a reasonable doubt. We disagree.

A challenge to the sufficiency of the evidence in support of a criminal conviction is a question of law reviewed de novo. *People v Meissner*, 294 Mich App 438; 812 NW2d 37 (2011). This Court reviews the evidence in the light most favorable to the prosecution to

determine whether rational jurors could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id.* (citation omitted).

The victim believed with certainty that she had identified her attacker in the days after the attack when she twice encountered a man in the community. The man was detained but did not match the victim's initial description of her assailant, and he was ruled out by a DNA sample that was collected. At trial, the victim did not recognize defendant. Conversely, defendant testified that he recognized the victim when he saw her at the preliminary examination, and he acknowledged having intercourse with her. Defendant claimed that he had a lengthy conversation with the victim, followed by consensual sex. He had previously denied knowing the victim, but he explained that he did not know the victim by her proper name and had not seen a picture during his police interview.

The trial court found that the victim's report was credible because there was no reason for her to fabricate the allegations. The court doubted defendant's credibility, noting that his past convictions included ones involving dishonesty. In a bench trial, "[s]pecial regard will be given to the trial court's opportunity to judge the credibility of the witnesses and its decision will be affirmed where there is sufficient evidence to support the court's findings." *People v Cyr*, 113 Mich App 213, 222; 317 NW2d 857 (1982). Defendant's DNA was on the victim's labia majora, under her fingernails, and on her neck. There was no evidence that a third person had sexually penetrated the victim, and the trial court found no credible evidence that the victim had consensual sex with defendant.

The trial court concluded that defendant's version of events was not credible and "didn't make sense." The victim was distressed and physically injured when flagging down the police and reporting the attack to them and when she subsequently presented to medical professionals. Although defendant stated that he had told the victim his name and spent around two hours with her hours earlier, she did not mention any earlier sexual activity to the police and told a sexual assault nurse that she had not had sex in the 96 hours before the attack. The DNA evidence established that defendant had sexually penetrated the victim beyond a reasonable doubt, and the evidence supported the trial court's finding that defendant's report of consensual sex was not credible. Thus, there was sufficient evidence to establish beyond a reasonable doubt that defendant was the assailant.

## II. DEFENDANT'S SENTENCE

Defendant next asserts that his sentence was unreasonable and disproportionate, and that it constituted cruel and unusual punishment. We disagree.

Review of a sentence is precluded where "the sentence is within the appropriate guidelines sentence range" unless "there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for

resentencing, or in a motion to remand." *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). Defendant's sentence was within the guidelines range. He miscalculates the applicable minimum sentencing guidelines range by failing to take into account that it is enhanced because of his status as a fourth habitual offender, MCL 769.12, resulting in a doubling of the range, MCL 777.21(3)(c). The trial court correctly stated that the applicable range was 171 months to 570 months. Thus, defendant's sentence of 420 months was within the guideline range and therefore presumed proportionate, MCL 769.34(10); *People v Lyons*, 222 Mich App 319, 324; 564 NW2d 114 (1997), *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987). It also is not cruel or unusual punishment. *People v Drohan*, 264 Mich App 77, 92; 689 NW2d 750 (2004); *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that his trial counsel had only five weeks to prepare and could not have adequately prepared in such a short time. Thus, he provided ineffective assistance. We disagree.

Defendant did not preserve this issue by raising it in a motion for a new trial or an evidentiary hearing, and our review is limited to review for errors apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009); *People v Unger* (*On Remand*), 278 Mich App 210, 253; 749 NW2d 272 (2008). The constitutional question of whether an attorney's ineffective assistance deprived a defendant of his constitutional right to counsel is reviewed de novo. *Id.* at 242. In order to demonstrate an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's performance was deficient" and (2) "that counsel's deficient performance prejudiced the defense." *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). A counsel's performance is deficient if "it fell below an objective standard of professional reasonableness." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). The "effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001).

A brief time to prepare for trial can constitute ineffective assistance of counsel "without inquiry into counsel's actual performance at trial" where it is "demonstrate[d] that counsel failed to function in any meaningful sense as the Government's adversary." *United States v Cronic*, 466 US 648, 659-666; 104 S Ct 2039; 80 L Ed 2d 657 (1984). Defendant's trial counsel argued a motion to quash the information based on the victim's inability to identify defendant at the preliminary examination, her identification of a different suspect, and the FBI database not being for identification purposes. Thus, counsel was able to utilize the preliminary examination transcript to prepare for trial, and he was able to make pretrial motions. Defendant argues that the short period for trial preparation may have prevented counsel from finding inconsistencies in witnesses' testimony, or impaired his ability to find additional witnesses. However, the victim testified that she had never seen defendant, and had previously identified another man with certainty as her assailant. Further, defendant does not state any particular instances of conduct or trial strategies that were not fully informed. In order to overcome the presumption of sound trial strategy, the defendant must show that trial counsel's failure to prepare for trial or interview witnesses resulted in counsel's ignorance of valuable evidence that would have substantially benefited the accused. *People v Bass (On Rehearing)*, 223 Mich App 241, 253; 581 NW2d 1 (1997), vacated in part on other grounds 457 Mich 866 (1998). Here, defendant has not alleged

-3-

that his attorney was ignorant of any evidence that could have benefited the defense. Thus, he has not demonstrated that his trial counsel provided ineffective assistance.

## IV. INCONSISTENT VERDICTS

Finally, defendant argues that the verdict was inconsistent because he was found guilty of CSC I, but not guilty of assault with intent to commit great bodily harm. We disagree.

Defendant did not raise this issue below. Unpreserved claims are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted only if the plain error resulted in the conviction of an innocent defendant or if "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* Although a jury's verdicts may be logically inconsistent and unexplained, where the trial court is "sitting as the trier of fact, [it] may *not* enter an inconsistent verdict." *People v Ellis*, 468 Mich 25, 26; 658 NW2d 142 (2003) (emphasis in original), citing *People v Vaughn*, 409 Mich 463; 295 NW2d 354 (1980). A bench trial verdict is inconsistent when a finding of not guilty on a charge is inconsistent with the trial court's factual findings. *Ellis*, 468 Mich at 28. Conversely, a bench trial verdict is consistent where "[t]he trial court's verdicts may be reconciled with its factual findings." *People v McKewen*, 326 Mich App 342, 362; 926 NW2d 888 (2018) (citations omitted). There is proof of an inconsistent verdict when a trial court believes portions of a victim's critical testimony but does not believe other portions of a victim's critical testimony. *People v Fairbanks*, 165 Mich App 551, 557; 419 NW2d 13 (1987).

In order to convict a defendant of AWIGBH, the prosecutor had to demonstrate "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." MCL 750.84; *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).[1] AWIGBH requires a specific intent "to do serious injury of an aggravated nature." *Id.* at 628, citing *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). The trial court found defendant not guilty of AWIGBH, based on reasonable doubt that defendant intended "to do serious injury of an aggravated nature." [I]njuries suffered by the victim may [] be indicative of a defendant's intent," and an "intent to cause serious harm can be inferred from . . . the use of a dangerous weapon or the making of threats." *Stevens*, 306 Mich App at 629, citing *People v Cunningham*, 21 Mich App 381, 384; 175 NW2d 781 (1970). The trial court's findings were consistent with the victim's testimony that defendant grabbed her by the neck to lead her to an alley, and that he hit her head when she resisted while penetrating her with his fingers and penis as he lay on her back. Additionally, the nurse examiner testified that the victim had an injury to the front, right head, a bruise on her right upper leg, an abrasion on her hand, and neck pain, lip pain where he covered her mouth, nausea, dizziness, and headaches.

---

[1] Defendant does not argue that his acquittal on the charge of AWIGBH was inconsistent with his convictions to the extent that it may have involved strangulation. Defendant was acquitted to the extent the assault involved strangulation because the trial court found that he did not strangle the victim.

-4-

The trial court concluded that these facts did not establish intent to cause serious injury of an aggravated nature.

However, the same facts demonstrate that defendant caused "personal injury to the victim and force or coercion is used to accomplish sexual penetration," pursuant to MCL 750.520b(1)(f). Force or coercion includes "[w]hen the actor overcomes the victim through the actual application of physical force or physical violence." MCL 750.520b(1)(f)(*i*). The facts referenced by the trial court demonstrate that defendant sexually penetrated the victim by the force or coercion of holding her neck, lying on her, and hitting her head, and that the victim had several injuries. The trial court's finding that defendant was guilty of two counts of CSC I by force or coercion with personal injury was consistent with the finding that he was not guilty of AWIGBH.

The same findings supported the conviction of unarmed robbery. "The elements of unarmed robbery are: (1) a felonious taking of property from another, (2) by force or violence or assault or putting in fear, and (3) being unarmed. MCL 750.530; *People v Johnson*, 206 Mich App 122, 125-126; 520 NW2d 672 (1994). The facts cited by the trial court, that defendant used force and violence by holding the victim by the neck, lying on her, and hitting her head when she moved, to demonstrate that he was guilty of unarmed robbery was not inconsistent with determining that defendant was not guilty of AWIGBH because it was not demonstrated that defendant's intent was to cause serious injury of an aggravated nature.

## V. CONCLUSION

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron